## THE SUDBURY.

District Court, N. D. California, S. D. March 15, 1929.

No. 18849.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for libelants.

Andros, Hengstler & Dorr, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. This case is before me on exceptions to the libel. The first two exceptions taken are the only ones which need be discussed. They state:

"First: The said alleged causes of action in rem against the steamship Sudbury are based upon an average statement or adjustment prepared by the owners of the steamship Sudbury alleged (in paragraph X) to be erroneous, improper, incorrect and insufficient, and upon a claim for damages consequent thereupon; but libelants have no maritime lien upon the said steamship for said alleged causes of action.

"Second: The libel is insufficient and uncertain in that it does not appear how much, if any, of the respective amounts alleged (in paragraph IX) to be due to the respective libelants is due and owing to libelants from said steamship Sudbury."

Libelants plead the occurring of a general average loss, the making of an adjustment by the owners, and the estimated value of vessel and cargo. They set forth various errors in the adjustment (which resulted in reducing their apparent share), and claim the amount estimated to be properly due under a correct general average adjustment. Respondent urges that this libel is not within the maritime jurisdiction because it is virtually an action for money had and received, for a fixed sum claimed as part of a trust fund in the hands of the owners of the ship or the general average adjusters who made the adjustment, liability being based on transactions which occurred on land in the course of the adjustment, and therefore divorced from the maritime lien in general average. This question was fully considered and discussed in The Emilia S. De Perez (D. C.) 22 F.(2d) 585, 1927 A. M. C. 1839, which held that the admiralty jurisdiction attached to a libel in the nature of an action for money had and received based upon a general average adjustment and virtually seeking an accounting for the trust funds. On the reasoning in that case, this court has jurisdiction in admiralty in the present case. The first exception will be overruled.

The second exception must, however, be sustained, with leave to amend. The libel pleads the sums which the "Sudbury" and cargo should pay and does not set forth the shares due from the Sudbury, which alone is libeled, and which is liable for its shares only. The Allianca (D. C.) 64 F. 871; The Emilia S. De Perez (D. C.) 22 F.(2d) 585, 1927 A. M. C. 1839.